

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 25, 1974

The Honorable Raymond Vowell
Commissioner, State Department
of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H-431

Re: Central Record File,
Section 11.17 Family
Code

Dear Commissioner Vowell:

In Attorney General Opinion H-353 (1974) we answered a number of questions growing out of the adoption of the Texas Family Code and particularly Section 11.17 thereof which provides:

Section 11.17. Central Record File

(a) Except as provided by Subsection (b) of this section, the clerk of each court having jurisdiction of suits affecting the parent-child relationship shall transmit to the State Department of Public Welfare a copy of the decree entered in each suit affecting the parent-child relationship, together with the name and all prior names, birthdate, and place of birth of the child. The department shall maintain these records in a central file according to the name, birthdate, and place of birth of the child, the court which rendered the decree, and the docket number of the suit.

(b) On entry of a decree of adoption, the clerk of the court shall transmit to the department the complete file in the case, including all pleadings, papers, studies, and records in the suit other than the minutes of the court. When the department receives the complete file, it shall close the records concerning that child; and except for statistical purposes, it

p.1992

shall not disclose any information concerning
the prior proceedings affecting the child. Any
subsequent inquiries concerning the child shall
be handled as though the child had not been pre-
viously the subject of a suit affecting the parent-
child relationship. On the receipt of additional
records concerning a child who has been the sub-
ject of an adoption decree, a new file shall be
made and maintained as other records required
by this section.

(c) On the written request of a court or of an
attorney, the department shall identify the court
which last had jurisdiction of the child in a suit
affecting the parent-child relationship and give
the docket number of the suit, or state that the
child has not been the subject of a suit affect-
ing the parent-child relationship. The child
shall be identified in the request by name, birth-
date, and place of birth. The department shall
transmit this information within 10 days after
the day the request is received and may charge
a reasonable fee to cover the cost of this service.

(d) The records required to be maintained
by the department are confidential, and no person
is entitled to access to or information from these
records except as provided by this section or on
an order of a district court of Travis County for
good cause.

(e) The department may utilize microfilm
or other suitable means for maintaining the
central record file. A certified reproduction
of a document maintained by the department is
admissible in evidence as the original document.

You now ask two additional questions:

> (1)  Does section 11. 17(b) of the Family Code require the clerk of the court to forward to the Department adoption records in those actions which were initiated prior to the effective date of Title 2 of the Family Code and were completed by entry of a final decree after the effective date?

> (2)  If the answer to question 1 is affirmative, must the clerk of the court forward the records of those cases initiated prior to the effective date of Title 2 and completed after that date regardless of the law applied to the 'proceedings'?

Your inquiries were precipitated by the refusal of a district clerk to forward to you a certain record in an adoption proceeding commenced prior to January 1, 1974, but not concluded until entry of a final order dated February 22, 1974.  The final order included a recitation that,

> to apply the provisions of the new act [Family Code] effective January 1, 1974, to the instant proceeding would not be feasible and would work injustice herein, in the opinion of the court and judge hereof.

Title 2 of the Family Code was enacted by the 63rd Legislature in Acts 1973, ch. 543, effective January 1, 1974.  Section 4(a) of that Act provides:

> This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice.  All things properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid.
>
> . . .

We believe this language is clear and unambiguous.   The Title 2 provision applies to all suits and actions brought after January 1, 1974. As to those pending on January 1, 1974, such as this case, Title 2 applies unless the court is of the opinion that its application would not be feasible or would work an injustice.

Quite obviously the drafter of the February 22 order was familiar with the provision of Section 4(a) of the Act.   We find the conclusion inescapable in this case that the clerk is not compelled to send the records of the 1973 proceeding.   Thus, our answer to your first question is in the negative.   Since the answer to your second question is contingent upon an affirmative answer to the first, we need not answer it.

### S U M M A R Y

Proceedings for adoption are subject to Title 2 of the Texas Family Code, even if commenced prior to its enactment so long as the court does not find it infeasible to make them so applicable or that it would work an injustice.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee